## AMERICAN NAT. INS. CO. v. MAYO.
### (No. 8345.)

(Court of Civil Appeals of Texas. Dallas. March 13, 1920.. Rehearing Denied April 17, 1920.)

1. Insurance ⚖=646(3)—Burden on insurer to show date of application as affecting truth of statement made therein.

In an action on an insurance policy, where defendant claimed that insured had made a false answer to a question in her application regarding prior rejections, the date of the application being important, the burden was on the insurer to sustain its claim as to the date of the application; application having been lost.

2. Insurance ⚖=668(6) — Whether insured falsely stated that she had not been previously rejected held for jury.

In an action on an insurance policy, whether or not the insured falsely stated in the application that she had not been rejected by any other insurance company held for the jury.

Appeal from Hunt County Court; A. J. Gates, Judge.

Action by M. S. Mayo, guardian for Aileen Mayo, against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Clark & Sweeton, of Greenville, for appellant.

H. O. Norwood, of Greenville, for appellee.

RASBURY, J. Appellee, as guardian for Aileen Mayo, sued appellant upon a policy of insurance issued by it to Etta Mayo in favor of and payable to the ward, her daughter. Appellant denied liability because of fraud in the procurement of the policy; the precise claim being that the insured falsely stated in her application that she had not at that time been rejected or postponed by appellant or any other insurance company, which statement was material and induced appellant to issue the policy. There was trial to jury, and the issue of fraud, with others, was referred to the jury for special verdict in form of the usual interrogatories. Verdict and judgment was for appellee, from which appellant perfected appeal.

Upon conclusion of the evidence, appellant requested and the court refused a peremptory instruction. The court's action in that respect is assigned as error; the contention being that the evidence disclosed without contradiction that the false statement was made. The facts and circumstances which are to determine the issue thus raised, as shown by the record, are in substance these:

March 14, 1918, Etta Booth Mayo, at the time a widow 42 years of age, and a music teacher residing in El Paso, made application to the Kansas City Life Insurance Company for insurance. April 3, 1918, the Kansas City

Life Insurance Company addressed a letter to Mrs. Mayo to her El Paso address, advising her that her application would not be approved. Prior thereto, on April 2, 1918, Mrs. Mayo arrived in Greenville, where she remained until April 8th. She was married to J. L. Booth in Dallas, April 9th. The inference from the evidence is that she then returned to El Paso. May 6, 1918, appellant issued the policy sued on in this suit. September 4, 1918, Mrs Mayo died in Greenville, where she had previously entered a sanitarium.

The application made by Mrs. Mayo to appellant, American National Insurance Company, could not be produced at trial, nor did the policy have a copy thereof attached. It had been attached to the deposition of one of appellant's officers, to be offered in evidence on trial of this case. The deposition was lost in the mails. Secondary evidence was introduced to prove the making of the application, its date, and the statement therein that the applicant had never been rejected or postponed by appellant or any other insurance company, and her signature to the application. Four witnesses testified that they saw and examined the application, some of whom testified it was secured from Mrs. Mayo by Crump & Osbourn, local agents of appellant, and who were such agents at the time of trial. Nugent, general counsel for appellant, testified it was dated about April 25, 1918. Wightman, appellant's actuary, testified it was dated the latter part of April, 1918. Nugent, Wightman, and Clyde Sweeton, one of the attorneys in the present case, testified that in the application insured made the statement that she had never been rejected or postponed by appellant or any other insurance company. The three witnesses named and Miss Carrie Llaca, the notary who deposited the lost depositions in the mail, testified that the application was signed by "Etta Booth Mayo." Appellant's form of application to be used by prospective insurers was a standard, all of which contained the question concerning rejection or postponement already recited.

Upon the facts recited the jury found, in answer to one of the interrogatories submitted, in effect, that Mrs. Mayo had not been rejected or postponed by any other insurance company. The sufficiency of the evidence to sustain that finding is the controlling issue. Counsel for appellant argue in substance that the uncontradicted statement of the witnesses Nugent and Wightman that the application was dated in April, 1918, coupled with the undisputed fact that the Kansas City Life Insurance Company advised the insured by letter dated April 3, 1918, that her application had been declined, shows without contradiction that the answer to the form question was untrue. Counsel for appellee,

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on the other hand, argues that, it appearing without contradiction that the name of the applicant on April 25, 1918, was Booth, and it further appearing from the uncontradicted testimony of Nugent, Wightman, and Miss Llaca that the name signed to the application which they examined was Mayo, warrants the finding of the jury that she did not make false answer to the question.

[1, 2] We have reached the conclusion that the facts and circumstances related made an issue for the jury. Appellant's evidence to sustain its claim that the application was dated April 25th, and the burden in that respect was on it, and that as a consequence the insured had at that time received notice of her rejection by the Kansas City Life Insurance Company, is secondary, and depends upon the recollection of its officers based upon an examination of the lost application, while in their possession. At the same time, in making such proof, they further proved that the applicant signed Mayo, when it is undisputed that on that date her name had, for 16 days, been Booth, at least conventionally, and also proved her statement that she had not been rejected at the time she signed the application. While it is true that the evidence of appellant's witnesses that the application was dated April 25, 1918, would warrant the presumption that she had received the notice from the Kansas City Life Insurance Company of her rejection, though no proof is in the record that she actually did receive it, at the same time proof that the applicant stated that she had not been rejected when she signed the application, and proof that she signed her former name thereto would in like manner raise the presumption that she signed the application before her marriage. In that connection it is without dispute that she signed the application in El Paso, and that the only time in which she could have signed there before her marriage was at some time prior to April 2d, the time she arrived in Greenville, and where she remained until April 9th, when she went to Dallas and married J. L. Booth. Either presumption is the probable and natural result of the proven fact, and as much supported by experience and the usual course in such matters as the other. The evidence to be sure is scant, and is perhaps insufficient, in the absence of presumption, to prove the fact depended upon by either party. Its scantiness, however, made the issue none the less one for the jury.

It also appears from appellant's evidence that the application was secured by its agents, Crump & Osbourn, at El Paso, who at the time appellant's officers testified were yet in appellant's employ. These agents were not called as witnesses. The failure to call witnesses having peculiar knowledge of facts essential to a party's case, but relying instead upon witnesses less familiar therewith, gives rise, it is said, to the inference, sometimes denominated a "strong presumption of law," that the testimony of the uninterrogated witnesses "would not sustain the contention of the party." 16 Cyc. 1062. We mention the rule more to emphasize the fact that it can justly be said that appellant did not present all the evidence available from those most familiar with the facts. The agents at El Paso must, in the light of ordinary business customs, have record somewhere of the application, wrote a letter concerning it, a copy of which was retained, or, if not, they must have personally known the applicant, and as a consequence had a livelier recollection of when the application was taken and the circumstances surrounding it.

There are other issues, asserted by appellee to be sufficient to authorize the verdict and judgment, which we do not pass upon.

The judgment is affirmed.

---

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes